# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**SHERRY LEE, an individual,**

    **Plaintiff,**

**-vs-**              Case No. 2:11-cv-714-FtM-99DNF

**HQM OF FORT MYERS, LLC, a Delaware
limited liability corporation,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause is before the Court on the Plaintiff, Sherry Lee's Motion for Entry of Final Default Judgment (Doc. 13) filed on May 23, 2012; Affidavit in Support of Plaintiff's Motion for Entry of Final Default Judgment (Doc. 16) filed on July 3, 2012; Amended Affidavit in Support of Plaintiff's Motion for Entry of Final Default Judgment (Doc. 17) filed on July 3, 2012; Memorandum of Law in Support of Plaintiff's Motion for Entry of Final Default Judgment filed on July 13, 2012; Affidavit in Support of Claim for Non-Economic Damages in Plaintiff's Motion for Entry of Final Default Judgment (Doc. 20) filed on July 18, 2012; and the Supplemental Memorandum of Law Regarding Front Pay in Support of Plaintiff's Motion for Entry of Final Default Judgment (Doc. 24) filed on July 19, 2012. No response was filed to the Motion for Entry of Final Default Judgment (Doc. 13) by the Defendant, HQM of Fort Myers, LLC. The Honorable James D. Whittemore, United States District Judge referred the Motion for Entry of Final Default Judgment (Doc. 13) for "an evidentiary hearing on damages and a Report and Recommendation on Plaintiff's Motion for Entry of Final Judgment

(inclusive of the proper amount of the damage award and reasonable attorney's fees)." (Doc. 14, p. 1-2). Judge Whittemore determined that a hearing was necessary because the damages alleged by the Plaintiff in her Motion for Entry of Final Default Judgment (Doc. 13) and supporting documents were "not fully liquidated nor capable of mathematical calculation based on the current record." (Doc. 14). The Court held an evidentiary hearing on July 19, 2012, and the Plaintiff submitted nine exhibits at the hearing. The Plaintiff and her counsel appeared at the hearing. No one appeared on behalf of the Defendant.

**I. Background**

On December 22, 2012, the Plaintiff filed a Complaint alleging retaliation and wrongful discharge under Tile VII, 42 U.S.C. §2000e-3(a), the Florida Civil Rights Act of 1992, Fla. Stat. §760.02, and Lee County Ordinance 00-18, Section II, Paragraph A(7). (See, Com.[1]). The Plaintiff served the Defendant on January 3, 2012, and filed the Return of Service (Doc. 7) on January 11, 2012. After no response to the Complaint was filed by the Defendant, on February 8, 2012, the Plaintiff moved for a clerk's default (Doc. 8), and a Clerk's Default (Doc. 10) was entered on February 27, 2012 thereby satisfying the necessary prerequisites under FED. R. CIV. P. 55(a). Under FED. R. CIV. P. 55(b) a court may enter a default judgment where a party has failed to plead or otherwise defend in the action. "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the

---

[1] "Com." refers to the Complaint (Doc. 1) filed on December 22, 2011.

complaint, even if he may not challenge the sufficiency of the proof." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.* 561 F.3d 1298, 1307 (11th Cir. 2009) (citations and internal quotation marks omitted).

### II. Allegation in the Complaint

The well-pleaded allegations of fact which are admitted are as follows. The Plaintiff was hired by the Defendant on February 6, 2006, as an office manager. (Com. ¶9). On October 3, 2006, the Plaintiff was told to place the receptionist, Hazel Cruz ("Cruz") on suspension for an allegation of improper conduct and that an investigation would follow. (Com. ¶11, 12). The Administrator of the facility, John Richards ("Richards") appeared to have animus towards Hispanic employees including Cruz, and other Hispanic employees who he terminated. (Com. ¶¶13, 14). Richards told the Plaintiff to "write up" Cruz for minor infractions. (Com. ¶16). The Plaintiff told the Acting Human Resources Director, the Housekeeping Supervisor, and an Assistant that Cruz was being subjected to unfair discipline, that no investigation was going to occur, and that she believed that this was occurring because Cruz was Hispanic. (Com. ¶¶22, 24, 26). The Plaintiff was told that she would have to be a witness as to the outcome of the investigation as to Cruz, and the Plaintiff told Acting Human Resources Director that the allegations against Cruz appeared to be "'bogus and false.'" (Com. ¶¶28, 29). On October 6, 2006, the Plaintiff met with Richards and was told that he was not happy with her leadership skills, that he would "write her up and place her on a Plan of Action to bring the Accounts receivable days down in a time frame that **LEE** would be unable to achieve and then let her go at that time for not meeting the goal." (Com. ¶31). The Plaintiff was given the option to leave immediately with 30 days severance pay and accrued vacation, and if she did not leave, then Richards would terminate her after two weeks with no benefits. (Com. ¶¶32, 33). The Defendant terminated the

Plaintiff just prior to Cruz's termination. (Com. ¶37). The Plaintiff was terminated after repeated complaints of national origin discrimination regarding Cruz. (Com. ¶39). On December 15, 2006, the Plaintiff filed a charge of discrimination through the Lee County OEO with the Equal Employment Opportunity Commission ("EEOC"). (Com. ¶41). The EEOC issued a Notice of Right to Sue. (See, Doc. 1, Exh. B). The Plaintiff seeks damages for the loss of employment opportunities, including lost past and future wages and benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress, costs, interest and attorneys' fees. (Com. pgs. 7, 8, 9).

In Count I, the Plaintiff alleges unlawful retaliation and wrongful discharge under Title VII, 42, U.S.C. §200e-3(a) and in Count II, the Plaintiff alleges retaliation and wrongful discharge under the Florida Civil Rights Act of 1992. "Title VII prohibits employers from retaliating against an employee 'because [s]he has opposed any . . . unlawful employment practice . . . or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'" *Gowski v. Peak*, 682 F.3d 1299, 1311(11th Cir. 2012) (quoting 42 U.S.C. §2000e-3(a)). The elements to establish a *prima facie* case of retaliation under both Title VII and the Florida Civil Rights Act are that the Plaintiff (1) engaged in a statutorily protected activity; (2) that she suffered a materially adverse employment action; and (3) that there was a causal link between the two. *Id*. (citing *Dixon v. The Hallmark Companies, Inc.*, 627 F.3d 849, 856 (11th Cir. 2010)), *Rodriguez v. City of Clermont*, 681 F. Supp.2d 1313, 1336 (M.D. Fla. 2009). In the instant case, the Plaintiff alleges that she complained of discriminatory actions by her supervisor, she was terminated, and her termination was linked to her complaints regarding the discriminatory action. After the Plaintiff establishes a *prima facie* case, the burden shifts to the employer to provide legitimate, non-retaliatory reasons for the adverse employment action. *Baker v. Secretary, U.S. Dept.*

*of Transp.*, 452 F. App's. 934, 935 (11th Cir. 2012). In the instant case, the Defendant failed to respond, therefore, it did not meet its burden. The Plaintiff has set forth sufficient facts of her well-pleaded allegations for retaliation pursuant to Title VII, 42 U.S.C. §2000e-3(a) and the Florida Civil Rights Act of 1992.

In Count III, the Plaintiff alleges a violation of Lee County Ordinance 00-18. Pursuant to the Code of Law and Ordinances of Lee County, Florida, Chapter 11 ½ - Discrimination, Article IV. - Equal Opportunity in Employment Article, Sec. 11 ½- 51 (g), "It is an unlawful employment practice for an employer, an employment agency, a joint labor-management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section." The Plaintiff failed to cite any cases as to the elements required pursuant to this ordinance and the Court did not find any case law referring to this ordinance. The Plaintiff has alleged that the Defendant discriminated against her for opposing an employment practice of discrimination against Hispanic workers. Therefore, based on the wording of the ordinance, the Court finds that the Plaintiff has set forth sufficient facts for her well-pleaded allegations as to a violation of Lee County Ordnance 00-18.

**III. Damages**

The purpose of Title VII is to "make whole" a victim of discrimination. *Gryder v. Dennin*, 427 Fed. App'x. 844, 846 (11th Cir. 2011) (citing *Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1363 (11th Cir. 1994) (quotation omitted)). The statute provides a court with broad discretion to fashion

"'the most complete relief possible.'" *Id*. (citation omitted). Pursuant to Lee County Ordinance 00-18[2], a prevailing party is entitled to back pay, compensatory damages including damages for mental anguish and reasonable attorney's fees. Lee County Ordinance, 11 ½ - 69. (b) - Administrative and Civil Remedies.

**A. Back Pay**

Title VII provides for "reinstatement or hiring of employees, with or without back pay . . ., or any other equitable relief as the court deems appropriate." *Id*. citing 42 U.S.C. §2000e-5(g)(1). Plaintiffs who are successful in their Title VII cases are presumptively entitled to back pay. *Id*. However, again the awarding of back pay is not automatic and is determined by the difference between the actual wages earned and the amount of wages that the individual would have earned if retained in

---

[2] The entire Lee County Ordinance as to damages is as follows:
In any civil action brought under this section, the court may issue an order prohibiting the discriminatory practice and providing affirmative relief from the effects of the practice, including back pay. The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages. The judgment for the total amount of punitive damages awarded under this section to an aggrieved person shall not exceed state or federal limits. In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the board of county commissioners that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action. The right to trial by jury is preserved in any such private right of action in which the aggrieved person is seeking compensatory or punitive damages, and any party may demand a trial by jury. The LCOEO's determination of reasonable cause is not admissible into evidence in any civil proceeding, including any hearing or trial, except to establish for the court the right to maintain the private right of action. The commencement of such action shall divest the LCOEO of jurisdiction of the charge.

Lee County Ordinance, 11 ½ - 69. (b) - Administrative and Civil Remedies.

her position. *Id*. A plaintiff is entitled to back pay from the date of discharge to the date of judgment, unless the victim obtains substantially equivalent employment before that time. *U.S. E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1251 (11th Cir. 1997).

The following are the calculations for back pay.

| Time Frame | Amount of Lost Wages |
|---|---|
| 3 months Plaintiff was unemployed $3680.00 x 3 | $11,040.00 |
| Reduction in wages for 2007 $1,217.07 x 12 | $14,604.84 |
| Reduction in wages for 2008 $864.94 x 12 | $10,379.28 |
| Reduction in wages for 2009 $608.41 x 12 | $7,300.92 |
| Reduction in wages for 2010 $272.14 x 12 | $3,265.68 |
| Reduction in wages for 2011 $187.20 x 12 | $2,246.40 |
| Reduction in wages through August 2012 $152.54 x 8 | $1220.32 |
| **Total for Back Pay through August 2012** | $50,057.44 |

The Court recommends an award of $50,057.44 in back pay to the Plaintiff.

**B. Non-Economic Damages**

A party may also recover compensatory and punitive damages as permitted in 28 U.S.C. §1981. *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 852 (2001). The Plaintiff claims to have suffered $20,000.00 in non-economic damages of mental pain and anguish as a result of her unlawful termination. The Plaintiff provided Affidavits (Docs. 16, 20) and a prescription for Alprazolam that was filled on October 9, 2006. The Plaintiff asserts that she suffered "bouts of sleeplessness, headaches, loss of appetite, nausea, irritability stomach pain and depression as well as humiliation, loss of self worth and lost of trust of employers." (Doc. 20). Her symptoms continued for seven months. (Doc. 20). The Court recommends based upon the Plaintiff's allegations, that she be awarded $20,000.00 in non-economic damages.

**C. Front Pay**

In addition to back pay, a prevailing party is entitled to either reinstatement or front pay. *Gryder v. Dennin*, 427 Fed. App's. 844, 846-7 (11th Cir. 2011). "Although we presume that reinstatement is the appropriate remedy in a wrongful discharge case, the district court may award front pay in lieu of reinstatement if 'extenuating circumstances warrant such relief.'" *Id.* (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000)). The Plaintiff is unable to be reinstated to her position as it appears that the Defendant is no longer an active Limited Liability Company in Florida.[3] The Plaintiff is requesting front pay from the date of judgment through the year 2013. The Court

---

[3] The Court viewed the Florida Department of State, Division of Corporations website for information on the Defendant. The website indicated that the Defendant became an "inactive" limited liability company on July 13, 2009. *See* www.sunbiz.org

recommends an award to the Plaintiff of front pay from September 2012 though December 2013 in the amount of $1,750.40.[4]

### D. Attorney's Fees

The Plaintiff is requesting $5,602.50 in attorney's fees. (See, Exh. 8 from the Evidentiary Hearing). A court in its discretion may award attorney's fees to the prevailing party in an action brought pursuant to 42 U.S.C. §2000e. *See* 42 U.S.C. §2000e-5(k) and *Hyde v. K.B. Home, Inc.*, 355 Fed. App'x. 266, 274 (11th Cir. 2009). To determine the amount of attorney fees, the court must determine the reasonable number of hours expended on the litigation and multiply that amount by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party requesting the fees should submit documentation in support of the request. *Id*. The burden is on the applicant for the fee award to establish an entitlement to the award of fees and the documentation of the appropriate hours, however, a court may determine the award from its own experience if there is a lack of documentation. *Id*. at 437, *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The court must exclude hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. at 434.

First, the court must ascertain the hourly rate for the attorney's representation. *Duckworth v. Whisenant*, 97 F.3d 1393, 1393 (11th Cir. 1996). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

---

[4] The front pay was calculated as follows: $152.54 x 4 = 610.16 (difference in wages for the balance of 2012); 95.02 x 12 = $1,140.24 (difference in wages for 2013); $610.16 + $1,140.24 = $1,750.40.

experiences and reputation." *Norman,* 836 F.2d at 1299. The burden lies with the applicant to establish that the requested rate is in line with the prevailing market rates. *Id*.

Second, the court must determine the reasonable hours expended by counsel. *Duckworth*, 97 F.3d at 1397. The attorney should exercise proper "billing judgment" and exclude those hours that would be unreasonable to bill a client or opposing counsel. *Id*. (citing *Norman*, 836 F.2d at 1301). A court should deduct excessive, unnecessary, and redundant hours and time spent on unsuccessful claims. *Id*. (citing *Norman*, 836 F.2d at 1301-2). The district court has discretion in determining the amount of attorney's fees to be awarded. *Natco Ltd. Partnership v. Moran Towing of Florida, Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001).

Counsel is requesting an hourly rate of $225.00 per hour. (See, Doc. 19-1, Affidavit of Reasonable Attorney's Fees). Although counsel does not provide adequate support for this hourly rate, the Court may rely on its own experience and the affidavit of counsel. *Bush v. Raytheon Co.*, 2010 WL 2044887, * 4 (M.D. Fla. May 21, 2010). The Court finds the rate of $225.00 is reasonable for this type of case. Counsel expended approximately 24.9 hours ($5602.50/225 = 24.9) in this case. The Court reviewed the individual time entries and finds that the time expended was reasonable. (See, Exh. 8 to Evidentiary Hearing). Therefore, the Court recommends an award of attorney fees in the amount of $5,602.50.

**E. Prejudgment Interest**

The Plaintiff mentions prejudgment interest in Affidavits attached to the Motion for Entry of Final Default Judgment (Doc. 17-1, "Plaintiff prays that this Honorable Court enter a Final Judgment in her favor and against Defendant in the amount of $77,307.84 with such sum being exclusive of applicable prejudgment interest under 28 U.S.C. §1961(a)"). "Prejudgment interest on an award of

back pay is available as a remedy in an employment discrimination case, and its award is a matter within the discretion of the Court. *Soliday v. 7-Eleven, Inc.*, 2011 WL 4949652, * 3 (M.D. Fla. Oct. 17, 2011). Federal statutes do not mandate the prejudgment interest rate, therefore, the Court has discretion in determining the rate. *Id*. In employment discrimination cases, the Eleventh Circuit has utilized the rate in 28 U.S.C. §1961. *Id*. at 4. The Plaintiff has provided the Court with no calculation as to prejudgment interest, and did not raise the issue of the amount of prejudgment interest at the evidentiary hearing.[5] The Court finds that the burden is on the Plaintiff to provide a calculation for prejudgment interest, and absent the calculation, the Court will not recommend that prejudgment interest be awarded.

**VII. Conclusion**

For the reasons set forth above, the Court respectfully recommends that the Motion for Entry of Final Default Judgment (Doc. 13) be granted, as follows: Final Default Judgment be entered in favor of the Plaintiff Sherry Lee and against the Defendant, HQM of Fort Myers, LLC in the amount of $50,057.44 in back pay, $20,000.00 in non-economic damages, $1,750.40 in front pay, and $5,602.50 in attorney's fees for a total amount of $77,410.34 which should bear interest at the usual rate for federal court judgments. The Court also respectfully recommends that an award of prejudgment interest be denied.

---

[5] After Judge Whittemore entered his Order (Doc. 14) referring this matter for an evidentiary hearing due to the Plaintiff failing to provide calculations for damages, this Court entered two additional Orders (Doc. 15 and 18) requiring the Plaintiff to provide calculations for her damages, and then held an evidentiary hearing allowing the Plaintiff ample opportunity to provide damage calculations. The Plaintiff failed to provide a calculation for prejudgment interest.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___26th___ day of July, 2012.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record